UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CUNEY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERCIA,<br><br>    Defendant. | Case No. 22-cv-07443-KAW<br><br>**ORDER DENYING MOTION FOR RETURN OF PROPERTY**<br><br>Re: Dkt. Nos. 1, 5 |

## INTRODUCTION

Plaintiff seeks return of property seized in Redway, California in connection with a criminal proceeding leading to his guilty plea in the Northern District of New York. Because Plaintiff already sought return of this property in the Northern District of New York, where his motion was denied without prejudice to renewing it after exhausting his appellate rights, this Court will not exercise equitable jurisdiction and the motion will be denied.

## DISCUSSION

### A. Background

Plaintiff is a federal prisoner. He pleaded guilty in the Northern District of New York on June 22, 2021 to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d). *See United States v. Cuney*, No. 19-cr-00420-FJS at ECF 32 (N.D.N.Y. Jun. 15, 2021) ("NDNY Docket"). He was sentenced to 87 months for each count, to run concurrently, on December 3, 2021. *Id.* at ECF 46. Plaintiff wrote a letter to the sentencing judge in the Northern District of New York asking for the return of his property including "documents, electronics, my US Passport and identity documents, still, and misc. other items." *Id.* at ECF 53. The government

construed the letter as a Rule 41(g) motion for return of property and opposed it on November 16, 2022. *Id.* at ECF 54. Plaintiff filed a notice of appeal in the Northern District of New York on December 15, 2021. *Id.* at ECF 48.

The district court denied plaintiff's Rule 41(g) motion on December 22, 2022 without prejudice to plaintiff renewing it after exhausting his appellate rights, finding that he failed to demonstrate that the government would not need the items should he be successful in his appeal. *Id.* at ECF 56. The court also noted that it did not know where the items plaintiff sought returned were seized, but that the according to the government, it had possession of them in New York, California, and Arizona. *Id.* at ECF 56 at 3 n.2.

Plaintiff filed the instant Rule 41(g) motion and action on November 23, 2022, and again on December 12 after the Clerk of the Court sent him a deficiency notice. ECF 1, 5. He stated that, after his arrest in Arizona, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) executed a search warrant at a storage facility in Redway, California and removed "documents, papers, electronics, drones, tools, camping accessories, military surplus, a law enforcement memorabilia collection, and movants United States Passport." ECF 5 at 1. After conversations between his attorney and an Assistant United States Attorney named Michael Barnett, a portion of his property was returned to plaintiff's father in February 2022. *Id.* After further attempts to recover more of his property were unsuccessful, he filed this case and requested that "his personal property being unlawfully held by [ATF] in the Northern District of California be returned to him" and sent to his father. *Id.* The Court issued an order to show cause. ECF 10. The government argued that the motion should be denied for failing to specifically identify the property to be returned, failing to show that the property was not contraband, and failing to show that the government did not still need it since plaintiff's criminal appeals were still pending. ECF 13. The government attached a list of "the items seized during the Redway, California search, filed in the N.D.N.Y. action as Dkt. 54-2." *Id.* at 9.

In response, plaintiff identifies the following as the property he seeks: "all remaining property from the government with the exception of firearms, ammunition, or any firearms related objects" consisting of "(i) Two Sets of AN-PVS-14b Night Vision Monoculars; (ii) United States

1  Passport belonging to the plaintiff; (iii) Birth Certificate and Social Security Card belonging to the
2  plaintiff; (iv) papers, documents, and personal effects; (v) the plaintiff's Iraq war memorabilia
3  collection from his time in the service; (vi) clothing, jewelry, tools and other miscellaneous
4  items." ECF 14 at 5.

Plaintiff alleges that there is approximately $10,000 worth of night vision equipment that was shipped to him in California and stored in his storage locker, for which the government included receipts in the warrant affidavits, which is unaccounted for and not listed in the seized assets. He "believes agents of the government stole this [property] for personal use as prior to their entrance into the unit it was there and upon their exit it was not." ECF 14 at 4.

Plaintiff argues that the government referred to "hand grenades" in its briefing to prejudice the Court although there were no hand grenades recovered from his storage locker, and erroneously identified two items as "machine guns" that were approximately twenty-dollar toys. ECF 14 at 2-3.

He also argues that the search warrant for the storage locker was unlawful because it listed items that had already been found elsewhere prior to its execution, that the gun parts that he acquired were not unlawful because they did not constitute firearms, and that any firearms he built with them were not part of interstate commerce. ECF 14 at 3-4.

The government argues that plaintiff is seeking a second bite at the apple after his New York motion was denied, to which plaintiff responds that he had already received all eligible property from New York and filed this motion to obtain property that was seized in the Northern District of California.

Plaintiff contends his property is being withheld as punishment for his filing a complaint with the Office of the Inspector General and a separate civil suit against ATF alleging violations of his Fourth Amendment rights. ECF 14 at 1.

### B. Legal Standard

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.

> The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Rule defines "property" to include "documents, books, papers, any other tangible objects, and information." Fed. R. Crim. Proc. 41(a)(2)(A). If a Rule 41(g) motion is made before an indictment is filed, but during a criminal investigation, "the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)). "But that burden of proof changes when 'the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or … the government has abandoned its investigation.'" *Id.* At that time, the burden shifts to the government to demonstrate that it "has a legitimate reason to retain the property." *Id.* "[A] defendant's Rule 41(g) motion should presumptively be granted if the government 'no longer needs the property for evidence.'" *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (quoting *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996)). The government can carry its burden by demonstrating that the property "is contraband or subject to forfeiture." *Gladding*, 775 F.3d at 1152 (quoting *Martinson*, 809 F.2d at 1369). Any other "legitimate reason" the government has for retaining the property will also suffice. *Id.*

A Rule 41(g) motion, "when there are no criminal proceedings pending against the movant," is "treated as [a] civil equitable proceeding[] and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993) (quoting *Kitty's East v. United States*, 905 F.2d 1367, 1370 (10th Cir. 1990)); *see also Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987).

Where a court considers evidence outside of the pleadings in evaluating an opposition to a Rule 41(g) motion, it should apply the standard for converting a motion to dismiss to a motion for summary judgment and should give the nonmoving party a chance to respond. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

### C. Analysis

First, the Court notes that the legality of the searches preceding plaintiff's guilty plea is not at issue for purposes of the Rule 41(g) motion. *See Martinson*, 809 F.2d at 1369. Because plaintiff has already pleaded guilty, the government bears the burden of demonstrating that it has a legitimate reason to continue to possess the property, and plaintiff no longer bears the burden of demonstrating the illegality of the seizure. Therefore, whether the warrant contained misinformation is immaterial.

The government's stated reason for keeping plaintiff's non-contraband property is that his direct appeal is pending; should his conviction be reversed, it would "put the government back on a trial footing." ECF 13 at 5. While the Ninth Circuit has not squarely addressed whether a pending direct appeal is a sufficient basis for the government to retain property, other circuits have found that it is. *See, e.g., United States v. Saunders*, 957 F.2d 1488, 1494-1495 (8th Cir. 1992) (defendant's motion for "return of paperwork, even papers that were not introduced at trial, was premature because defendant's direct appeal was still pending"); *United States v. Uribe-Londono*, 177 F. App'x 89, 90 (1st Cir. 2006) (seeing no error in district court's ruling that requests for return of property were premature while appeal was pending); *United States v. Dahda*, No. 20-3185, 2021 WL 4891650, at *3 (10th Cir. Oct. 20, 2021) (movant had the burden to demonstrate his entitlement to the property because his appeal was pending).

More importantly, this court will not exercise equitable jurisdiction because plaintiff has already brought this motion in another federal district court. Although he states in his reply that he sought the return of different property in each jurisdiction according to where it was seized, his motion in the Northern District of New York sought "property taken during the execution of search warrants"—in the plural—including "documents, electronics, my US Passport and identity documents, still, and misc. other items," NDNY Docket at ECF 53 at 1, which plainly overlaps with the property he seeks in this Court. Because plaintiff may raise his motion again in the N.D.N.Y. case after he exhausts his appellate rights, he has an adequate remedy other than this court's exercise of equitable jurisdiction. *See Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993). Principles of comity, judicial economy, and uniformity lead this Court to refrain from

5

exercising equitable jurisdiction.

Plaintiff also argues that venue is only appropriate in this district for the property that was seized here, but the Ninth Circuit has not ruled on whether the venue provision contained within the text of Rule 41(g) applies to post-conviction motions. The Second, Eighth, and Third Circuits have found venue for a post-conviction motion for return of property appropriate in the district where the trial or criminal proceeding took place. *See United States v. Giovanelli*, 998 F.2d 116, 118 (2d Cir. 1993); *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995); *United States v. Parlavecchio*, 57 F. App'x 917, 920 (3d Cir. 2003). The Fourth Circuit has held that venue for a post-conviction motion for return of property can only lie in the district of seizure. *United States v. Garcia*, 65 F.3d 17, 21 (4th Cir. 1995). Because Plaintiff filed his first motion for return of property in a district court within the Second Circuit, that district court has jurisdiction, according to circuit precedent, over all the property, including the property seized in California. If the court were to find otherwise in a renewed motion after Plaintiff exhausts his appellate rights, the court could transfer the case to this district, or Plaintiff may refile his motion in this district at that time.

## CONCLUSION

For the reasons identified above, Plaintiff's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) is DENIED. The clerk shall terminate all pending motions, enter judgment in favor of Defendant, and close the file.

This Order terminates Docket Nos. 1 and 5.

**IT IS SO ORDERED.**

Dated: September 27, 2023

KANDIS A. WESTMORE
United States Magistrate Judge

6